Deval R. Zaveri, SBN 213501
James A. Tabb, SBN 208188
**ZAVERI TABB** APC
402 West Broadway, 29th Floor
San Diego, CA 92101
Tel:   (619) 398-4767
Fax:  (619) 756-6991
dev@zaveritabb.com
jimmy@zaveritabb.com

James R. Patterson, SBN 211102
Allison H. Goddard, SBN 211098
**PATTERSON LAW GROUP**
402 W. Broadway, 29th Floor
San Diego, CA 92101
Tel:   (619) 756-6990
Fax:  (619) 756-6991
jim@pattersonlawgroup.com
ali@pattersonlawgroup.com

*Attorneys for Representative Plaintiff Brian Trenz*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TRENZ, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>ON-LINE ADMINISTRATORS, INC. (dba PEAK PERFORMANCE MARKETING SOLUTIONS), a California Corporation; VOLKSWAGEN GROUP OF AMERICA, INC., a Virginia Corporation; and DOES 1-5,<br><br>                    Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT for Damages and Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.**<br><br>Jury Trial Demanded |

# I.     **INTRODUCTION**

1.     This is a class action against Defendants On-Line Administrators, Inc. (dba Peak Performance Marketing Solutions) ("Peak Performance") and Volkswagen Group of America, Inc. ("Volkswagen") (collectively, "Defendants") in negligently, and/or willfully, contacting Plaintiff on his cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

2.     At Volkswagen's direction, Peak Performance called Plaintiff Brian Trenz ("Plaintiff") at least four times on his cellular telephone from an autodialer to solicit his business.  Defendants did not have Plaintiff's express written consent to contact him for such purposes.  Plaintiff had an attorney write to Peak Performance on his behalf demanding that the solicitation calls stop, to no avail.  Plaintiff has since discovered that many others across the country have received similar unlawful calls from Defendants.

3.     Plaintiff brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from Defendants' illegal actions.

4.     Plaintiff alleges as follows upon his personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his counsel.

# II.     **PARTIES, JURISDICTION, AND VENUE**

5.     Plaintiff Brian Trenz is, and at all times mentioned herein was, a citizen and resident of the State of Texas who resides in San Antonio, Texas.

6.     Defendant On-Line Administrators, Inc. (dba Peak Performance Marketing Solutions) is a marketing company.  Plaintiff is informed and believes and thereon alleges, that at all times mentioned herein Peak Performance was a corporation founded under the laws of the State of California, whose primary corporate offices are located at: 26025 Mureau Road, Calabasas, CA 91302, making Peak Performance a citizen of California. Plaintiff alleges that at all times relevant herein Peak Performance conducted business in California because its California business offices are located at the same address, and it performed its business in the State of California, and in the County of

Calabasas, and within this judicial district. Peak Performance markets to consumers who have purchased cars from certain dealerships with whom Volkswagen maintains contracts.

7.     Plaintiff is informed and believes, and thereon alleges, that Defendant Volkswagen Group of America, Inc. is the American branch of an international car manufacturer with dealerships across the United States, and is, and at all times mentioned herein was, a corporation founded under the laws of the Commonwealth of Virginia, whose primary corporate offices are located at: 2200 Ferdinand Porsche Dr., Herndon, Virginia 20171. Plaintiff alleges that at all times relevant herein Volkswagen conducted business in, among others, the State of California, the County of Calabasas, and within this judicial district. Volkswagen is a car manufacturer and retailer and is the parent corporation for the Audi of America, which manufactures and sells Audi brand vehicles. Volkswagen, through Audi, also offers service packages to repair and perform maintenance on Audi brand vehicles purchased in the United States.

8.     This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this lawsuit seeks enforcement of rights under the TCPA, a federal statute.

9.     This Court has personal jurisdiction over Defendants due to their substantial contacts with California, as alleged herein. Peak Performance is in fact headquartered in California, and Volkswagen operates throughout California.

10.     Venue is proper in the United States District Court for the Central District of California. Under 28 U.S.C. § 1391(b)(1), venue is proper in any district where at least one defendant resides if all defendants are residents of the state in which the district is located. A corporate defendant is deemed to reside in any state where it is subject to personal jurisdiction (28 U.S.C. § 1391(c)), and as alleged herein, all Defendants are subject to personal jurisdiction in California. In a state with multiple judicial districts, a corporate defendant is also deemed to reside in any judicial district within the state in which it would be subject to personal jurisdiction if that district were a separate state (or, if no such district exists, then the district in which it has the most contacts). 28 U.S.C. §

1391(d).  Here, at least one Defendant, Peak Performance, is a resident of this district – indeed, it is headquartered here.  Thus, venue is proper under 28 U.S.C. § 1391(b)(1).  Venue is also proper under 28 U.S.C. § 1391(b)(2) because, on information and belief, a substantial number of the calls complained of in this lawsuit originated from this district.

### III.   THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C. § 227

11.   In 1991, Congress enacted the Telephone Consumer Protection Act (TCPA) in response to a growing number of consumer complaints regarding certain telemarketing practices.

12.   The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."   Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.   47 U.S.C. § 227(b)(1)(A)(iii).

13.   According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.   The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.   Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

14.   Since then the FCC promulgated several other orders necessarily limiting the phone calls that can be made by telemarketers.   In 2012, the FCC expanded the scope of the TCPA by eliminating the established business relationship exemption for all telemarketing calls, mandating that all telemarketing calls require prior express written consent to be obtained from the called party.   *In the Matter of Rules and*

1   *Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket

2   No. 02-278, FCC 12-21, issued Feb. 15, 2012 (holding in part, "Specifically, in this

3   Order, we: (1) revise our rules to require prior express written consent for all autodialed

4   or prerecorded telemarketing calls to wireless numbers and residential lines and

5   accordingly eliminate the established business relationship exemption for such calls to

6   residential lines while maintaining flexibility in the form of consent needed for purely

7   informational calls.").

8   ## IV.  FACTUAL ALLEGATIONS

9   15.    At all relevant times, Plaintiff was and is a citizen of the State of Texas,

10  and is a "person" as defined by 47 U.S.C. § 153(32).

11  16.    Defendants are, and at all relevant times were, entities that meet the

12  definition of "person," as defined by 47 U.S.C. § 153(32).

13  17.    At all relevant times, Defendants conducted business in the State of

14  California and in the County of Calabasas, within this judicial district.

15  18.    In 2011, Plaintiff purchased an Audi A4 automobile in Austin, Texas, from

16  a used automobile dealer.  At the time of the purchase, the car was equipped with an

17  Audi manufacturer's warranty covering the vehicle until 2012.

18  19.    Shortly after purchasing the Audi, Plaintiff brought the car into Cavender

19  Audi, a San Antonio Audi Dealership, for maintenance and service.  Plaintiff provided

20  his contact information to the dealership solely for the purpose of providing the

21  dealership the ability to notify him when the servicing was complete.  Plaintiff did not

22  then give, nor at any other time has given, his written consent to receive autodialed

23  telemarketing calls from Defendants or any other entity or agent acting on behalf

24  Defendants.  At the end of 2012, the Audi full service warranty expired and Plaintiff

25  discontinued using the Audi Dealership to service his vehicle.

26  20.    For several months following the expiration of the warranty, Plaintiff

27  received multiple calls on his cell phone from Peak Performance.  Based on information

28  and belief, Peak Performance contacted Plaintiff on behalf of Volkswagen, the parent

1     company of Audi, to encourage him to either purchase a new Audi or retain his use of

2     the Audi service center.

3          21.    Peak Performance is a marketing company that has agreements with

4     Volkswagen to be its customer retention management (CRM) partner for all Audi

5     vehicles.   Peak Performance holds out on its website that is the preeminent and

6     exclusive CRM marketing provider for Audi and Volkswagen.   Peak Performance's

7     website states, "No other automotive CRM company is better equipped to help you

8     acquire new customers… We return your lost customers with impressive efficiency,

9     utilizing effective email marketing, highly targeted mail, customized offers and even

10   phone calls." http://gotopeak.com/service/recapturing-customers/

11         22.    Plaintiff avers based on information, belief, and research on Peak

12   Performance's and other websites, that Peak Performance contacts previous service

13   customers of Volkswagen and Audi on their cell phones and using an autodialer in order

14   to solicit business; specifically, to encourage previous customers to again utilize the

15   dealership's repair and maintenance services.   Plaintiff spoke to a Peak Performance

16   agent or employee who indicated to Plaintiff that the local dealership had given Peak

17   Performance Plaintiff's contact information to solicit repair and maintenance services to

18   him.   Thus, Peak Performance was acting as an agent for Volkswagen pursuant to CRM

19   agreements for the benefit of Volkswagen.

20         23.    In June 2013, Peak Performance called Plaintiff on his cellular telephone

21   number, ending in "1870," in an attempt to telemarket Volkswagen's products and

22   services.   Between June 2013 and July 2013 Plaintiff received multiple calls from Peak

23   Performance, and has, at the time of filing this complaint, received at least 4

24   telemarketing calls from Peak Performance on Defendant Volkswagen's behalf.   When

25   Plaintiff answered, he briefly heard "dead air" then a "click" before the agent came on

26   the line to speak to Plaintiff, evidencing that Peak Performance used an autodialer to

27   make the call.   Another time, Plaintiff called the number that was on his caller

28

1  identification log and spoke to the agent who confirmed that the agent was calling on

2  behalf of Peak Performance to sell its services.

3      24.     Plaintiff did not provide Peak Performance with his cellular phone number,

4  nor did he ever give his verbal or written consent to be called by any Defendant for the

5  solicitation of services.  Nor did Plaintiff give any Defendant prior express verbal or

6  written consent to call him on his cellular telephone with the use of an autodialer,

7  pursuant to 47 U.S.C. § 227(b)(1)(A).

8      25.     Notwithstanding the fact that Plaintiff did not provide Peak Performance

9  with his cellular number at any time, Volkswagen, or its agents, have called Plaintiff on

10 his cellular telephone via an "automatic telephone dialing system,"  as defined by 47

11 U.S.C. § 227(a)(1).  This automatic telephone dialing system has the capacity to store or

12 produce telephone numbers to be called, using a random or sequential number

13 generator, to dial such numbers.

14     26.     The telephone number Defendants and/or their agents called is assigned to

15 a cellular telephone service for which Plaintiff incurs a charge for incoming calls

16 pursuant to 47 U.S.C. § 227(b)(1).

17     27.     These telephone calls constituted calls that were not for emergency

18 purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19     28.     These telephone calls by Defendants and/or their agents violated 47 U.S.C.

20 § 227(b)(1).

21     29.     Under the TCPA and pursuant to the FCC's February 2012 Declaratory

22 Ruling, the burden is on Defendants to demonstrate that Plaintiff provided prior express

23 written consent within the meaning of the statute.

24                        **V.    CLASS ACTION ALLEGATIONS**

25     30.     Plaintiff brings this action on behalf of himself and on behalf of all others

26 similarly situated ("the Class").  Plaintiff represents, and is a member of, the Class,

27 consisting of:

28

All persons within the United States who received any telephone call from Defendants or their agents to said person's cellular telephone through the use of any automatic telephone dialing system and who did not provide prior express written consent to be called, within the four years prior to the filing of the Complaint in this action.

31.     Excluded from the Class are Defendants; any entities in which any Defendant has a controlling interest; any of Defendant's agent(s) and employee(s); Plaintiff's counsel; the Court to whom this action is assigned and any member of the Court's staff and immediate family; and claims for personal injury, wrongful death, and/or emotional distress.

32.     Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more.  Plaintiff believes that Defendant engaged in a pattern and practice of contacting former dealership customers in the same manner that they used to contact him.  Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

33.     Plaintiff and members of the Class were harmed by the acts of Defendant in, but not limited to, the following ways:  Defendants, directly and/or through their agents, illegally contacted or attempted to contact Plaintiff and the Class members via their cellular telephones by using an autodialer, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid; by having to retrieve or administer messages left during those illegal calls; and invading the privacy of Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

34.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for any personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

35.     The joinder of the Class members is impracticable and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.  The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified through the records of Defendants and/or their agents.

36.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Class predominate over questions that may affect individual Class members, including the following:

a.)     Whether, within the four years prior to the filing of this Complaint, Defendants and/or their agents made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

b.)     Whether Defendants' conduct was knowing and/or willful;

c.)     Whether Defendants are liable for damages, and the extent of statutory damages for such violation; and

d.)     Whether Defendants should be enjoined from engaging in such conduct in the future.

37.     As a person who received numerous calls by Defendants and/or their agents using an automatic telephone dialing system without his prior express consent, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

38.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendants' unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law would be allowed to proceed without remedy and Defendants would undoubtedly

1   continue such illegal conduct.  Because of the size of the individual Class members'
2   claims, few Class members could afford to seek legal redress for the wrongs complained
3   of herein.

4         39.    Plaintiff has retained counsel experienced in handling class action claims.

5         40.    A class action is a superior method for the fair and efficient adjudication of
6   this controversy.  Class-wide damages are essential to induce Defendants to comply
7   with federal and California law.  The interest of Class members in individually
8   controlling the prosecution of separate claims against Defendants is small because the
9   maximum statutory damages in an individual action for a violation of this statute is
10  minimal.  Management of these claims is likely to present significantly fewer
11  difficulties than those presented in many class claims.  Defendants have acted on
12  grounds generally applicable to the Class, thereby making appropriate final injunctive
13  relief and corresponding declaratory relief with respect to the Class as a whole.

14  **FIRST CAUSE OF ACTION**
15  **NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER**
16  **PROTECTION ACT 47 U.S.C. § 227 ET SEQ.**

17        41.    Plaintiff incorporates by reference all of the above paragraphs of this
18  Complaint as though fully stated herein.

19        42.    The foregoing acts and omissions of Defendants constitute numerous and
20  multiple negligent violations of the TCPA, including but not limited to each and every
21  one of the above-cited provisions of 47 U.S.C. § 227 et seq.

22        43.    As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq.,
23  Plaintiff and the Class members are entitled to an award of $500.00 in statutory
24  damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).  Plaintiff
25  and the Class are also entitled to and seek injunctive relief prohibiting such conduct in
26  the future.

27        44.    Plaintiff and the Class members are also entitled to an award of attorneys'
28  fees and costs.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE**
**CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.**

45.     Plaintiff incorporates by reference the above paragraphs 1 through 42, inclusive, of this Complaint as though fully stated herein.

46.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

47.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**
**THE TCPA, 47 U.S.C. § 227 ET SEQ.**

1.     As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 (five-hundred dollars) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

2.     Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

3.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a

proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

4.   Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

1.   As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 (one-thousand-five-hundred dollars) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

2.   Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

3.   An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

4.   Any other relief the Court may deem just and proper.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, federal law, and FRCP 38, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

October 26, 2015                          **ZAVERI TABB APC**

                                          By: /s/ Deval R. Zaveri

                                          Deval R. Zaveri, SBN 213501
                                          James A. Tabb, SBN 208188
                                          402 West Broadway, 29th Floor
                                          San Diego, CA 92101
                                          Tel:   (619) 398-4767
                                          Fax:  (619) 756-6991
                                          dev@zaveritabb.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

jimmy@zaveritabb.com

James R. Patterson, SBN 211102
Allison H. Goddard, SBN 211098
**PATTERSON LAW GROUP**
402 W. Broadway, 29th Floor
San Diego, CA 92101
Tel:   (619) 756-6990
Fax:  (619) 756-6991
jim@pattersonlawgroup.com
ali@pattersonlawgroup.com

*Attorneys for Representative Plaintiff Brian Trenz*

COMPLAINT